# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1890.

## WARREN MAY

v.

## CAROLINE LEIGHTY ET AL.

*Administration—Claims Due from Administrator—Practice.*

1. An administrator, who has included in his inventory notes due from himself which he claims he is not liable to pay, can not give himself credit therefor and have his liability tried by the Probate Court on exceptions to his report.

2. The proper mode of procedure is for the court to appoint an administrator *pro tem.* to bring suit on the notes and prosecute it to final judgment.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of Richland County; the Hon. WM. C. JONES, Judge, presiding.

Messrs. WILSON & HUTCHINSON, for plaintiff in error.

Messrs. HUFFMAN & HUFFMAN and GEE & BARNES, for defendants in error.

REEVES, P. J. Jacob May died intestate. Appellant was appointed administrator of his estate. In the inventory he listed certain notes made by Harrison May, William May and

appellant, amounting in the aggregate to a large sum. In connection with these notes as listed in the inventory, there is this statement made by the administrator: "These notes the payors insist they are not liable for as the same were not to be paid unless demanded by payee in his lifetime." It is not claimed that this or anything of like import appears on the notes or in any way attached to them. On October 4, 1889, the administrator filed a report, in which he asked to be credited with the notes given by him to his father, being four notes dated September 1, 1885, each for the sum of $1,996.10 with a credit of $202.24. The record of the County Court shows that "the administrator and all the heirs of Jacob May appearing, and exceptions having been filed to the administrator's report, denying his right to be credited with the amount of his four notes, a special administrator is appointed to take charge of said estate and protect its interests so far as this report is concerned, with authority to litigate, till finally settled, all questions arising under said report and exceptions thereto. Adolph Knoph was appointed special admininistrator for that purpose. He accepts the trust and appears by J. C. Allen, attorney. Cause heard and the four notes found not to be payable, and judgment that Warren May, as administrator, have credit by the amount of these notes, and that Warren May, individually, be exonerated and discharged from their payment." An appeal was prayed by defendants in error, two of the heirs of Jacob May, and allowed to the Circuit Court.

When the case came up for hearing in the Circuit Court, the cause was submitted to a jury, upon what issues does not appear, except as shown by the evidence, and the jury returned this verdict: "We, the jury, find that the defendant, Warren May, is not entitled to the credit asked for by him against the estate of Jacob May, deceased, and that he should. pay to the administrator of the estate of Jacob May, deceased, the four notes dated September 1, 1885, each for $1,996.10, and that we find the amount due upon said notes to be $9,707.51." A motion for a new trial was overruled, and this judgment entered: "It is, therefore, considered by the court that the

May v. Leighty.

said Warren May is indebted to the estate of the said Jacob May, deceased, the sum of $9,707.51; that the exceptions to the report of the administrator of the estate of Jacob May, deceased, filed by Caroline Leighty and Jane Atwood be and the same are sustained, and said report disapproved in so far as the administrator asks credit for the notes of Warren May; that the administrator of said estate recover of and from said Warren May the said sum of $9,707.51 and costs of suit, and that this cause be certified back to the County Court." From this judgment, the case is brought here by writ of error. We fail utterly to understand upon what warrant this proceeding as it appears from this record, was entered upon and conducted.

The administrator, *prima facie* at least, owed the estate four notes, which he had inventoried. When he made his report, he credited himself with these four notes, claiming he was not liable to pay them. The County Court, instead of disallowing the credit as it should have done, adopted the anomalous proceeding of entertaining an exception to the credit by some of the heirs and proceeded to try the question of the liability of appellant on these notes upon a hearing of such exception. In the accounting which an administrator is required to make it is specifically provided what may be the credits which he may enter in his accounts. They are, first, the expenses of probate and administration; second, the allowance to the widow or minor children as fixed by statute or order of court, referring to the order of court if any there be; third, the loss, if any, arising out of the sale of the inventoried property below its appraisement; fourth, the loss, if any, arising in the collection or conversion into money, of accounts, notes, bonds, stocks or mortgages or other choses in action; fifth, the loss, if any, of uncollectible debts, compromises, duly authorized with debtor's diminution of debts due the estate by set-offs proved; sixth, debts proved and paid according to their priority, and, seventh, the compensation of the administrator. It will be seen that there is no place in such an account upon the credit side for debts due from the administrator, duly inventoried and charged to the administrator

upon the debit side of his account, which he may choose to say he ought not to pay. In the absence of statutory provision to the contrary by the common law in England the nomination by a testator of his debtor as executor operates as an extinguishment of the debt, because an executor can not maintain an action against himself, and the personal action once suspended by the voluntary act of the creditor, it is forever gone and discharged, except as against the creditors of the testator. But in equity, the debt is presumed to have been paid by the executor, and constitutes assets for the payment of the debts of the testator, and legacies or a trust for the next of kin, because in equity, that which the law requires to be done must be presumed, against the obligee to have been done. Williams on Executors, 1314. The appointment of a debtor administrator of his creditor's estate has a similar effect for the same reasons; but since the appointment of the administrator is not the voluntary act of the creditor, the debt is not discharged, but an action therefor only suspended by such appointment; hence the debt may be collected by a subsequently appointed administrator.

In this country the equitable rule above stated is the rule at law also, and in the absence of statutory regulation, the debts of executors and administrators are *prima facie* assets in their hands to be accounted for as other assets. In this State, our statute expressly provides that the appointmemt of a debtor as executor shall not operate as a release of the debt unless the testator expressly declare his intention to release the debt, and then it is not operative unless the other assets of the estate are sufficient to pay the debts.

The fiction of the law by which the administrator's liability to the deceased is converted into ready cash, is not upheld in all the States. The question, so far as we know, has not been before our Supreme Court. We are inclined to hold that the administrator may show not only his insolvency, but may in an appropiate proceeding contest his liability on the ground that he does not owe the debt or that it is unjust. What is such appropiate proceeding? It has been held in Wisconsin that in such case the Probate Court should remove the administrator and appoint a competent administrator who

May v. Leighty.

should be required to bring suit against the late administrator. Lynch v. Divan, Ex'r, 66 Wis. 490.

We think in this State the better practice would be to proceed in analogy to the provision of our statute providing for the appointment of an administrator *pro tem.* when the administrator has a claim against the estate.    Where a claim against the administrator has been inventoried, and he becomes *prima facie* chargeable with the amount of the demand, upon his petition, the County or Probate Court would be justified in appointing some competent person administrator *pro tem.*, with authority to bring suit against the administrator as an individual, and prosecute it to final judgment.    We can see no good reason why this might not be done.    In such a suit an issue could be formed in the mode prescribed by law.    There would be legal parties on both sides of the controversy, who could control the litigation and appeal or prosecute a writ of error, and there would be no difficulty in framing a proper judgment in such a case.    The proceeding that was had in this case did not admit of any written pleadings and formation of defined legal issues.    The issue that was sought to be made was not the real issue tried.    The only direct issue sought to be made was whether May, as administrator, was entitled to a credit for the amount of his notes, which was not a question to be submitted to a jury, while the real issue was his liability, as an individual, upon these notes to the estate, which was an issue triable by jury.

The judgment of the Circuit Court was much broader than the only issue which could be legally evolved out of the case as it was presented, would warrant.

The judgment of the Circuit Court is reversed, and the cause remanded to the Circuit Court with directions to reverse the action of the County Court and direct the County Court to disallow the credit claimed by the administrator and appoint an administrator *pro tem.* to bring suit against Warren May on the four notes and prosecute the same to final judgment.

The costs made by each party in this court, the Circuit Court and the County Court, will be paid by the party making the costs.                    *Reversed and remanded.*