William Simms, Administrator of the Estate of Sarah A. Bunn, Deceased, v. W. F. Guess, Guardian, et al.

1. ADMINISTRATOR OF ESTATES—*Duty of Making Inventories.*—An administrator or executor is not the sole judge of the performance of his duty in making an inventory under Sec. 51, Ch. 3, R. S. Necessarily, the ultimate determination must rest in court, otherwise if the representative refused to inventory any property, the court would be powerless to administer on the estate.

2. PERSONAL REPRESENTATIVES—*Suits on Bonds Not an Exclusive Remedy.*—While the law affords a remedy upon the bond of an administrator, it is not exclusive. Such remedy exists as to any failure to perform an official duty, as for a failure to collect what is due the estate and pay the same out on the order of the court. The court is not powerless to require the representative to perform his duties, because damages for a failure could be recovered on his bond.

3. PERSONAL REPRESENTATIVES—*Claiming Property as his Own.*—An administrator, if he claims as his own property ordered to be inventoried, can note the fact in explanation of his action on the inventory, and this will not bar him of a hearing on the question of ownership in a regular trial at law. An order to inventory property is only interlocutory and not an adjudication of the right of property.

4. ADMINISTRATION OF ESTATES—*Power of the Court to Order Property Inventoried.*—Ordering the administrator to inventory property of the deceased, is a summary proceeding on the part of the court in the nature of a preliminary investigation to determine probabilities and not ultimate rights.

5. ADMINISTRATION OF ESTATES—*Effect of the Order to Inventory Property Claimed by the Administrator.*—The effect and purpose of such preliminary order is to bring the matter of the disputed property within the jurisdiction of the court, so that an adjudication in the interest of the estate may be had on such property.

6. ADMINISTRATION OF ESTATES—*Claims by Administrators.*—Where

an administrator has a demand against his testator, or intestate's estate, the court in such case will appoint some discreet person to appear and defend the estate, at which hearing a trial is to be had according to the course of the common law, with right of appeal, etc.

7. ADMINISTRATION OF ESTATES.—Sec. 8, Ch. 3, R. S., has no application to a case where the administrator is not ignorant of facts necessary to enable him to list property in dispute, or to identify or locate it. Not being concealed, a discovery is not required.

**Memorandum.**—Administrator of estates. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

## STATEMENT OF THE CASE.

Sarah A. Bunn, the appellant's intestate, died on the 24th day of September, 1891. On the following 2d day of November, appellant—being the decedent's son—was appointed administrator of her estate, and as such filed an inventory of property, to which exceptions were taken by the guardian of two minor children interested in the estate, and also by Cora Dickinson, on the ground that property of the estate, some of which was alleged to be in his possession and other within his knowledge, was not inventoried. On trial in the County Court, there was a finding against the appellant in part, from which order an appeal was taken to the Circuit Court, where the finding was also against him, and this appeal was presented.

The court adjudged that William Simms, as administrator of the estate of Sarah A. Bunn, inventory the following property: One bed and bedding, heating stove, one bureau, one yearling heifer, three dozen chickens, fifteen turkeys, $109.55 cash obtained from the Sumner Bank (T. L. Jones & Son), ten promissory notes secured by real estate mortgage, executed by Tobias Heath to decedent, Sarah A. Bunn, dated May 30, 1891, and an account against himself for $200, and that defendant pay the cost of suit, and that an execution issue therefor. The effect of appellant's claim is that all the property of the estate had been given to him during the lifetime of his decedent, in consideration that he would

support her; that the notes were indorsed and delivered to appellant before her death. The delivery, as well as the gift of any property to appellant is denied by appellees.

Gee & Barnes, attorneys for appellant.

Foster, McGaughey & Robinson, attorneys for appellees.

Mr. Justice Sample delivered the opinion of the Court.

The points primarily made by appellant are, 1st, that the remedy to compel him to inventory the property included in the order of the court was by citation, under Sec. 81, Chap. 3, S. & C., p. 226, and not by exceptions to his inventory; 2d, that he could not be compelled to inventory a debt against himself, which was in dispute, except on a trial under written pleadings and a judgment obtained against him.

Section 51, Chap. 3, S. & C., p. 212, provides that an "administrator shall make out a full and perfect inventory of all such real and personal estate, or the proceeds thereof, as are committed to his superintendence and management, and as shall come to his hands, possession or knowledge."

This duty, enjoined by express law, the County Court has the power to enforce. The administrator or executor is not the sole judge of the performance of that duty. Necessarily the ultimate determination must rest in the court, otherwise, if the representative refused to inventory any property, the court would be powerless to administer on the estate. It is no answer to say there would be a remedy on the representative's bond. While the law affords such remedy, it is not exclusive. Such remedy exists as to any failure to perform official duty, as for a failure to collect what is due the estate and pay same out on the order of the court, yet it would not be contended that the court was powerless to require the representative to perform such duty because damages for such failure could be incurred in his bond.

The representative, if he claims property ordered to be inventoried, can note the fact in explanation of his action

on the inventory (Lynch v. Dinan, 66 Wis. 490, Hilton
v. Briggs, 54 Mich. 265), which would not bar him of a hear-
ing on the merits in a regular trial at law; such an order
would be only interlocutory and not an adjudication of the
right of property. The mode of proceeding clearly so indi-
cates. It is summary on the part of the court in the nature
of a preliminary investigation to determine probabilities,
and not ultimate rights. No one would claim final adjudi-
cation for such an order as to third parties. It has no more
effect on the representative in case he claims the property.
While he is a party to the proceeding, it is only in a repre-
sentative, and not in an individual capacity. The effect and
purpose of such preliminary order is to bring the matter of
the disputed property within the jurisdiction of the court,
so that an adjudication in the interest of the estate on such
property may be had.

Such order in its scope and effect is like one requiring a
receiver to list property in dispute. Seavey v. Seavey, 30
Ill. App. 625. Having listed such property, the course of
the representative, in order to have an adjudication on the
right of property according to the course of the common
law, is clearly outlined in May v. Leighty et al., 36 Ill. App.
17. Sec. 72, Chap. 3, provides the course to be pursued when
one executor or administrator has a demand against his
testator or intestate's estate. The court in such case will
appoint some discreet person to appear and defend the
estate, at which hearing a trial is had according to the course
of the common law, with right of appeal, etc.

Appellant's counsel insists the remedy was by citation
under Sec. 81, Chap. 3. The evident purpose of that section
is to compel the discovery of property of the estate, or of
information in regard thereto "of which the executor and
administrator is ignorant" in order that it may be listed in
the inventory and ultimately brought within the control of
the court.

In the case at bar the administrator was not ignorant of
any facts necessary to enable him to list the property in dis-
pute, or to identify or locate it. It was not concealed and
therefore discovery was not required.

The appellant having wrongfully made the costs, there was no error in adjudging that he should pay them. Covington case, 124 Ill. 363.

It is urged the evidence does not warrant the order made. This point is made on the theory that the order has the effect of a determination of the right of property, without expressing any opinion as to the sufficiency of the proof in that regard. We hold it was sufficient to require the property to be listed.

It is also objected that the Circuit Court did not require its order to be certified to the County Court for further proceedings in accordance therewith. Such an order would have been proper, but it was not essential. The order can be certified to the court below, whereupon that court will, of course, conform to it.

The order and judgment of the Circuit Court is affirmed.