## Phoebe Stone, Adm'x, etc., v. W. H. Haskins et al., Adm'rs, etc.

1. ADMINISTRATION OF ESTATES—*Power of the County Court to Appoint an Administrator Pro Tem.*—In the administration of an estate, where a claim against the administrator has been inventoried and he becomes *prima facie* chargeable with the amount of the demand, upon his petition the County or Probate Court will be justified in appointing some competent person to act as administrator *pro tem.*, with authority to bring suit against the administrator as an individual and prosecute it to final judgment.

2. ESTOPPEL—*To Question the Appointment of an Administrator Pro Tem.*—When a party is appointed administrator *pro 'tem.*, at the instance and upon the motion of parties interested in the estate, by a court having general jurisdiction over the administration of the estate, and such appointment is improper or irregular, any of the parties interested in the estate may move the court to set aside the order of appointment; but if they fail to do so in apt time, they will be estopped to say that the appointment was not properly made.

Administration of Estates.—Appeal from the Circuit Court of Pike County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

W. H. CROW and WILLIAM MUMFORD, attorneys for appellant.

JEFFERSON ORR, WILLIAMS & COLEY and MATTHEWS & GRIGSBY, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a claim presented in the Probate Court by Edgar A. Stone against the estate of Otis A. Haskins, of which latter estate the appellees are the administrators, and it was there allowed and an appeal taken by the appellees to the Circuit Court, where the claim was rejected, and this appeal brought to reverse that judgment. Pending the litigation Edgar A. Stone died, and appellant was substituted as administratrix of his estate.

From the inventory of the estate of Otis A. Haskins, W. H. Haskins, one of the administrators, appeared to owe the

estate $1,717.15, and neither he nor his co-administrator taking any steps to have such claim paid to the estate, or otherwise adjusted, two of the daughters of the deceased, being interested in the estate, applied to the County Court and asked it to appoint an administrator *pro tem.* for the purpose of enforcing and collecting such claim against W. H. Haskins, one of the regular administrators. The County Court granted the application of the two daughters and appointed Edgar A. Stone as such administrator *pro tem.* of the estate of Otis A. Haskins. Stone employed attorneys, and upon their advice a suit was instituted against W. H. Haskins in the name of such administrator *pro tem.* for the purpose of enforcing and collecting such claim, and issues were formed therein and preparations made to try the case. Pending this suit, and before the trial was entered upon, the brothers and the two sisters, who were the only persons then interested in the estate, got together and effected a settlement, by which the women were paid $2,000, including their interest in the claim of the estate against their brother, W. H. Haskins, and some other matters, and at their instance and by their authority the suit of the administrator *pro tem.* against W. H. Haskins was dismissed, in accordance with the terms of such settlement. The present claim is for the compensation to the administrator *pro tem.*, and to pay the expenses incurred by him in employing attorneys, and their services rendered in the prosecution of the claim against W. H. Haskins.

It is contended in support of the judgment of the Circuit Court, that the County Court had no power or jurisdiction to appoint the administrator *pro tem.*, and therefore the estate is not chargeable with his compensation and the necessary expenses incurred by him in the discharge of his duties as such. This forms the principal, if not the only question, necessary to be decided upon this appeal. Although the statute in express terms does not confer the power upon the County Court to appoint an administrator *pro tem.* under circumstances like these, yet such authority has been upheld. It was held in May v. Leighty, 36 Ill. App. 17, under circumstances very similar

to this case, after considering authorities outside of this State, that in this State the better practice would be to proceed in analogy to .the provisions of our statute providing for the appointment of an administrator *pro tem.* when the administrator has a claim against the estate. Where a claim against the administrator has been inventoried, and he becomes *prima facie* chargeable with the amount of the demand upon his petition, the County or Probate Court would be justified in appointing some competent person administrator *pro tem.* with authority to bring suit against the administrator as an individual and prosecute it to final judgment. While we are indisposed to criticise the decision to which we have referred, believing it reaches the right conclusion, we feel that if the appointments of administrators under circumstances like these could be sustained upon plainer statutory grounds the reasoning would be more logical and satisfactory. Section 38 of the administration act provides that where the letters of one of several executors is revoked, or one or more of the executors or administrators die, or become disqualified, the court may join others in their place, and require additional bonds from the new administrator or administrators, survivor or survivors, or such as shall not have their powers revoked, shall proceed to manage the estate.

The County Court being a court of general jurisdiction as to all matters within its limits, liberal intendments will be made in its favor, and the presumption as to its acts is, that they are rightly done. By section 38 of the statute to which we have referred, clear and explicit authority is given to the court; in case one or more of the administrators becomes disqualified, the court may join others in their place. It can not be denied that by reason of his interest, W. H. Haskins was disqualified as administrator, as regards the litigation by the estate of the claim against himself. Here, then, existed the conditions contemplated by the statute, when the court should have the power to join another administrator in his place. In whatever manner the court proceeded, here was the authority for its action. The court may have proceeded irregularly, and its order may have

been defectively or erroneously entered, but it is not the rule in such cases, where the court is one of general jurisdiction, to declare the acts of such a court void because of irregular, defective or erroneous procedure. The order may have been such as that it could not be sustained on appeal, but for such reason it was not void. It may be also that S. T. Haskins, the co-administrator of W. H. Haskins, should have been joined as one of the plaintiffs with Stone in the suit against W. H. Haskins. That suit may have been subject to the objection that it lacked a necessary party plaintiff, but that was a question to be made by the parties to it, and for the court in which the suit was brought, but did not affect the authority to bring this suit. So far as we know or are advised, the point may have been waived, or the court may have decided it against the contention of the defendant in that suit, and, if the latter, the decision was binding unless reversed, however erroneous it might have been. Although Stone may have been inaptly styled administrator *pro tem.*, he was not an intermeddler in the distribution of the estate, but was at the instance and upon motion of parties interested in the estate, appointed such administrator by the court having general jurisdiction over the administration of the estate, and if such appointment was improper, or irregular, any of the parties interested in the estate had the right to move that court to set aside such order, and upon its refusal might have had other remedy in the premises. Having done none of these things we think they are now estopped from being heard to say the appointment was not properly made.

Having the views as we have expressed them, we are of the opinion the administrator *pro tem.*, so called, was entitled to have allowed to him out of the assets of the estate of Otis A. Haskins a reasonable compensation for his services, and for necessary expenses, and it was error for the court to disallow the claim as it did.

The judgment of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.