*In re* ESTATE OF EDWIN J. ROTH, Deceased.—(IRENE ROTH, individually and as Ex'r of the Estates of Edwin J. Roth, deceased, and Fannie Roth, Deceased, *et al.*, Petitioners-Appellants, *v.* MELVIN E. ROTH, Ex'r of the Estate of Edwin J. Roth, Deceased, Respondent-Appellee.)

(No. 74-52;

Third District—December 12, 1974.

David B. Radley, of Safford, West, Tornow, Radley, Mathers, of Peoria, for appellants.

Wilson C. Washkuhn, of Sutkowski & Washkuhn, Assoc., of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioner, Melvin Roth, one of two co-executors of the estate of Edwin Roth, filed his final report and petition for approval thereof and discharge as such co-executor. Beneficiaries of the Edwin Roth estate objected to the final report and its approval but the circuit court of Tazewell County approved the report and discharged the co-executor from which judgment this appeal follows.

Edwin Roth died a resident of Tazewell County, Illinois, on January 17, 1964, leaving as his heirs-at-law his widow, Fannie Roth, and four children. His will was admitted to probate on February 26, 1964, and Melvin and Irene Roth, two of his children, were appointed and qualified as executors. Testator owned an undivided one-half interest in each of two farms, the other one-half interest being owned by his widow. By his will the testator devised his interest in one of the farms to his widow for her life and upon her death to his four children. By his residuary clause the testator left the remainder of his property including his interest in the other farm to his widow.

On March 8, 1971, Fannie Roth died and Irene and Alice Roth were appointed co-executors of her estate. On January 8, 1973, Melvin Roth filed a final report and account in the Edwin Roth Estate with a petition for approval of his final account. Objections to the final report were filed by Melvin Roth's three sisters, Irene, Alice and Frances and by Irene and Alice in their representative capacities.

The report filed by Melvin Roth in January, 1973, was the only report which he filed concerning his acts and doings since the date of his appointment in 1964. Prior to his father's death Melvin had been the tenant

on the two farms in which his father had an interest and also had farmed two other farms in which his father had no interest. After his father's death Melvin continued to be the tenant on all four farms without any written lease or approval of the court, and, after his appointment as co-executor, he represented the estate with respect to such farms. Irene, the other co-executor, did not exercise any control of the farms and did nothing as co-executor, claiming she had not been permitted to do so by her brother. It appears that in the operation of the farms by Melvin the transactions were intermingled and not completely segregated. As indicated earlier, the court did approve the co-executor's final report, and the beneficiaries of the estate have appealed.

The principal assignments of error urged by the objectors on this appeal relate to the contention that the reports filed by the co-executor are insufficient to show the nature and propriety of the transactions which occurred. Before discussing the errors urged by appellants, it will be necessary to consider appellee's contentions that this appeal should be dismissed first, because the appellants failed to file timely notice of appeal and, second, because the objections to the reports were not timely made in the trial court.

As indicated earlier, Melvin Roth filed his report on January 8, 1973, and the beneficiaries filed their objections on January 27, 1973. These objections were never formally ruled upon, but on August 21, 1973, the co-executor filed a supplemental report. The report and supplemental report were approved on September 7, 1973, after notice and hearing, at which time counsel for the objectors and some of the objectors were present but offered no evidence. On October 1, 1973, the objectors moved to vacate the order approving the report and discharging the co-executor. A hearing was had on the motion, testimony was introduced and on November 5, 1973, the court suspended its previous order approving the report and directed the co-executor to file a supplemental report regarding two general areas included in the report, namely, amounts received from the government as agricultural subsidies and amounts paid to an individual. Thereafter the co-executor filed another supplemental report in accord with the directions of the court and on November 27, 1973, a hearing was had at which time the reports of the co-executor were approved and he was discharged. Notice of appeal was filed on December 6, 1973, and it is the contention of appellee that because the order of November 5, 1973, was a final and appealable order, the notice of appeal filed by appellants on December 6, more than 30 days thereafter, was not timely filed and hence this court has no jurisdiction to consider the appeal.

In support of its contention the appellee refers to Supreme Court Rule.

303(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 303(a)) which provides "* * * the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed * * * within 30 days after the entry of the order disposing of the motion."

According to appellee, the order of November 5, 1973, disposed of the post-trial motion and therefore the period during which an appeal could properly be filed commenced as of that date. We believe the appellee misapprehends the meaning of the rule, because the disposition referred to must mean a final disposition; otherwise, there is no order "disposing of the motion." As in this case where the prayer of a post-trial motion is granted, it may be that it does not dispose of the controversy, and whether the order does so dispose of a controversy depends upon the relief sought and granted. The order of November 5 in the instant case by specific provision suspended the previous order approving the reports and discharging the executor. Additionally, the order directed the filing of a supplemental report. Under these circumstances there was no judgment approving the reports and discharging the executor until the judgment of November 27, and, because of the required additional reports, there could have been no final order until such reports had been filed. The theory of requiring appeals only from final judgments is based on the practical considerations that justice is not served by piecemeal appeals, and, further, the review of a judgment which can be affected by future proceedings by the trial court would be of doubtful value. In our view of the order of November 5 it was not a final appealable order, and consequently we conclude the notice of appeal was timely filed with respect to the final order of November 27, 1973.

In their objections filed January 26, 1973, to the co-executor's initial report, three reasons were specified. The first indicated the report was not accurate because it did not specify the distributive shares of the beneficiaries, the second related to the failure of Irene Roth to approve the report as co-executor and the third referred to property belonging to the estate not accounted for in the report. As indicated, these objections were never formally ruled upon and it appears from the record of the November 5 hearing that the judge had apparently advised the parties of his hope that they would get together and resolve their differences. In any event, a short supplemental report was filed in August which attempted to satisfy the initial objections. At the hearing on September 7, 1973, counsel for the objectors requested a continuance in order to consider the supplemental report, but the motion was denied and the reports were approved without additional formal objections. As a con-

sequence of the September 7 order, the objectors employed new counsel who filed on October 1, 1973, a detailed list of objections in a petition seeking to vacate the order of September 7. It is appellee's position that the objections included in the October 1 petition came too late to be considered by the trial court and therefore cannot be an appropriate basis for errors assigned on this appeal.

As may be noted from the chronological order of events, it is undisputed that the post-trial motion, namely, the petition to vacate the September 7 judgment, was timely filed, and there is no dispute but that the trial court had jurisdiction to consider the petition and to rule on such petition in accord with law. Although the reasons for objecting to the co-executor's reports are more specific and detailed in the October 1 petition, it is clear that they generally relate to the objections filed in January and in our opinion were appropriately considered by the trial court. In fact the court partially granted the relief sought by the objectors regarding certain inadequacies in the reports. Indeed, the appellee has not suggested on this appeal that this action of the trial court was improper. We believe that there is a sufficient basis in the record for considering appellant's principal objections raised on this appeal.

This brings us to the appellant's contention that the transactions described in the reports are insufficiently described to enable the beneficiaries to determine either their propriety or reasonableness. The basic rule is it is the burden of the executor to maintain by proof items entered in the account as being just and proper when objections are filed. (5 James, Illinois Probate Law and Practice § 290.4, at 280 (1951).) Whenever objections are timely filed the burden is on the administrator to maintain by proof that the items objected to are just and proper. (1A Horner, Probate Practice & Estates § 765, at 549. (4th ed. 1961).) This rule gains additional force when approval of the transactions reported has not previously been requested or secured. As observed in *Nonnast v. Northern Trust Co.*, 374 Ill. 248, 259-60, 29 N.E.2d 251:

> [W]here objections are filed, as here, it is the duty of the executor to prove the claims it paid were just, owing and correct as to amount. With reference to claims for services, it would also have to prove the reasonable value of the services if no fixed amount had been agreed upon by the testator in his lifetime with the claimant. If rendered to the estate, the personal representative must show the necessity and the reasonable value of such services. There is no burden on the objector to disprove the validity of claims that were not filed, proved and allowed."

We have examined the reports of the executor which are lengthy, as might be expected from the period of 9 years covered. However, the

descriptions of the transactions included are sketchy, incomplete and generally reveal little other than the amount of the transaction. Abbreviations are used which do not add to the description of the transaction. For example, there may be an item of "oats" indicating a dollar amount received but no other information. It also appears from the reports that the executor wrote 66 checks totalling $14,072.52 to himself personally, which amounts are without explanation. We conclude that the descriptions of the transactions in these reports are insufficient to support any conclusion respecting their necessity or reasonableness, and consequently the executor has failed to adequately discharge his duties as executor.

■ Conceding that the reports may not contain sufficient information, the executor nevertheless insists that the objectors are in no position to question the inadequacy of the reports because of their failure to take any earlier action. It would be sufficient to say that we find no pleading in the record in which the executor urged the application of the doctrines of waiver, estoppel or laches, and consequently such an argument cannot be made for the first time on appeal. However, we believe the executor's duty when he is actively managing and controlling the principal assets of the estate is a continuing one, and hence these doctrines would be inapplicable. This is particularly true where, as in the instant case, the executor has acted both as landlord on behalf of the estate and as tenant on his own behalf.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.